PATRICIA JELINEK *et al.*, Plaintiffs-Appellants, v. THE RETIREMENT BOARD OF THE FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO, Defendant-Appellee.

First District (5th Division)   Nos. 1—07—1141, 1—07—1142 cons.

Opinion filed June 19, 2009.

Martin O. Holland, of Evergreen Park, for appellants.

Burke Burns & Pinelli, Ltd., of Chicago (Mary Patricia Burns, Vincent D. Pinelli, and Blanca R. Dominguez, of counsel), for appellee.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:
Plaintiffs Patricia Jelinek and Jamie O'Callaghan filed claims for a widow's annuity with defendant, the Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago (Board). The Board initially awarded them the regular annuity; however, after administrative review of their consolidated cases by the circuit court and appeal to and remand by this court, the Board ultimately awarded them the duty disability widow's annuity paid prospectively from the date this

court issued the opinion *Bertucci v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 351 Ill. App. 3d 368 (2004). *Bertucci* concerned the eligibility of firefighters' widows to receive duty-related annuity benefits if the deceased firefighters were permanently disabled in the course of duty.

Plaintiffs filed a motion with the circuit court to enforce the appellate court's remand decision, seeking payment of their annuities retroactively to the dates of their husbands' deaths, prejudgment and postjudgment interest, and costs. The circuit court denied plaintiffs' motion for lack of jurisdiction, and plaintiffs appealed.

For the reasons that follow, we reverse the judgment of the circuit court and remand this cause to the circuit court to consider plaintiffs' motion to enforce.

## I. BACKGROUND

The Board awarded annuities to firefighters' widows based upon its interpretation of the different benefits available to widows under sections 6—140 and 6—141.1 of the Illinois Pension Code (Pension Code) (40 ILCS 5/6—140, 6—141.1 (West 2006)). According to the Board, under section 6—140, a widow was entitled to 75% of the current annual salary of a fireman who either was killed in the performance of duty or was receiving duty disability benefits and died as a direct result of injuries suffered in the line of duty. Otherwise, according to the Board, section 6—141.1 provided for a regular widow's annuity benefit of 50% of the retirement annuity the deceased fireman either was receiving or would have been eligible to receive on the date of his death.

Plaintiff Patricia Jelinek is the widow of Chicago firefighter Ronald Jelinek. In 1990, Mr. Jelinek suffered a heart attack while on duty and was awarded duty disability benefits. He remained on duty disability until December 24, 1999, when he died of congestive heart failure. In 2000, the Board granted Mrs. Jelinek an annuity of $2,001.38 per month pursuant to section 6—141.1 of the Pension Code. Approximately 14 months after the Board's decision, Mrs. Jelinek filed a complaint for administrative review in the circuit court alleging the Board improperly failed to grant her the greater annuity benefit under section 6—140.

Plaintiff Jamie O'Callaghan is the widow of Chicago firefighter Emmett O'Callaghan. In 1995, Mr. O'Callaghan suffered a knee injury while on duty and was awarded duty disability benefits. He remained on duty disability until July 17, 2000, when he died as a result of cardiac arrhythmia. In 2000, the Board granted Mrs. O'Callaghan an annuity of $1,251.30 per month pursuant to section 6—141.1 of the

*Pension Code.* Mrs. O'Callaghan timely filed a complaint for administrative review in the circuit court alleging the Board improperly failed to grant her the greater annuity benefit under section 6—140.

The circuit court consolidated plaintiffs' complaints with those of widows Iris Nutter and Kathleen Barry and a hearing was held. In July 2002, the court reversed the Board's decision as to Mrs. O'Callaghan, remanded the case, and directed the Board to grant her section 6—140 benefits retroactive to the date of her husband's death. Concerning Mrs. Jelinek, the court ruled in August 2002 that it had jurisdiction to consider her complaint because the Board's notice of its administrative decision violated due process. The court reversed the Board's decision as to Mrs. Jelinek, remanded the case, and directed the Board to grant her section 6—140 benefits retroactive to the date of her husband's death. In September 2002, the court also granted plaintiffs prejudgment and postjudgment interest. The Board then appealed.

Meanwhile, on June 29, 2004, this court in *Bertucci*, 351 Ill. App. 3d at 372-73, held that the widows of firefighters who died while in receipt of duty disability benefits and whose duty-related injuries, although not directly the cause of their death, were of such a nature that the firefighters were permanently prevented from subsequently resuming active service, were entitled to receive the higher duty death annuity benefits available under section 6—140 of the Pension Code. The *Bertucci* court rejected the Board's argument that section 6—140 was meant to apply only in the limited situation where a firefighter died directly from or as a result of injuries suffered in the line of duty. *Bertucci*, 351 Ill. App. 3d at 374-75.

Concerning the instant case, on April 29, 2005, this court in *Barry v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 357 Ill. App. 3d 749 (2005), affirmed in part and vacated in part the judgment of the circuit court. Specifically, this court vacated both the circuit court's reversal of the Board's denial of plaintiffs' section 6—140 benefits and the Board's denial of plaintiffs' section 6—140 benefits. This court remanded the cause to the Board to conduct an evidentiary hearing on the issue of whether plaintiffs' husbands' duty-related disabilities permanently prevented them from returning to active duty with the fire department.

The Board filed a petition for leave to appeal with our supreme court, which was denied on September 29, 2005. On October 28, 2005, the appellate court mandate was filed in the circuit court. The Board issued hearing notices for several widows including plaintiffs in November 2005. Meanwhile, plaintiffs filed a motion in the circuit court on December 13, 2005, to transfer their consolidated case to another circuit court judge who was handling like cases of other

widows seeking section 6—140 benefits. The Board conducted the plaintiffs' remand hearings in December 2005, and the circuit court approved the parties' agreed order to transfer the consolidated case on December 22, 2005.

On January 26, 2006, the Board granted Mrs. O'Callaghan section 6—140 benefits payable prospectively from the date of the *Bertucci* decision rather than retroactively to the date of her husband's death. Furthermore, on March 30, 2006, the Board granted Mrs. Jelinek section 6—140 benefits payable prospectively from the date of the *Bertucci* decision rather than retroactively to the date of her husband's death. The Board claimed that payment was properly calculated from the date *Bertucci* was issued on June 29, 2004, because *Bertucci* established a new principle of law concerning the burden of proof for widows seeking section 6—140 benefits.

On May 3, 2006, plaintiffs O'Callaghan and Jelinek, and widows Nutter and Barry filed a motion in the circuit court to enforce the *Barry* decision, recalculate their annuities from the dates of their husbands' deaths, and grant prejudgment and postjudgment interest and costs.

On May 4, 2007, the circuit court ruled that it did not have jurisdiction to decide plaintiffs' motion to enforce because the appellate court remanded the cause to the Board for a hearing and therefore did not revest the circuit court with jurisdiction. The circuit court stated that plaintiffs needed to timely file new complaints for administrative review of the Board's remand decisions in order for the circuit court to have jurisdiction to entertain the issue of whether the Board acted outside the appellate court's mandate by setting an arbitrary date for the payment of benefits. The circuit court concluded that it could not review plaintiffs' motion to enforce because they failed to file any complaint for administrative review within 35 days of the Board's decisions of January 26, 2006, and March 30, 2006.

Plaintiffs O'Callaghan and Jelinek timely appealed.

Meanwhile, on April 23, 2009, this court issued decisions in similar cases of other widows seeking section 6—140 benefits and rejected the Board's argument that the benefits were payable prospectively from the date of the *Bertucci* decision. See *Hooker v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 391 Ill. App. 3d 129 (2009); *Cunningham v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 389 Ill. App. 3d 1065 (2009).

## II. ANALYSIS

The issue before this court is whether the circuit court erred in finding that it lacked jurisdiction to consider plaintiffs' motion to

enforce. This jurisdictional question presents a question of law, which we review *de novo. Vogue Tyre & Rubber Co. v. Office of the State Fire Marshal*, 354 Ill. App. 3d 20, 23 (2004).

Plaintiffs argue that the circuit court had jurisdiction to review their motion to enforce because this court's April 2005 remand order to the Board for additional fact finding did not constitute a final decision and plaintiffs were not required to file new complaints for administrative review following the remand hearing. Plaintiffs contend a remand from an appellate court directly to an agency may be subsequently reviewed by the circuit court because, pursuant to section 3—104 of the Administrative Review Law (735 ILCS 5/3—104 (West 2006)), which is codified as article III of the Code of Civil Procedure (Code) (735 ILCS 5/3—101 *et seq.* (West 2006)), the court that first acquires jurisdiction of a complaint for administrative review retains jurisdiction of the action until final disposition. Furthermore, Supreme Court Rule 369 (134 Ill. 2d R. 369) provides that the case is reinstated in the circuit court when the reviewing court remands the case for a new trial or hearing and the mandate is filed in the circuit court. Plaintiffs also complain that the Board failed to comply with this court's 2005 remand order and mandate because, after determining that plaintiffs were entitled to section 6—140 benefits, the Board arbitrarily decided to pay those benefits prospectively from that date of *Bertucci* rather than retroactively to the dates of the husbands' deaths, despite having forfeited any argument concerning prospective-only application of *Bertucci* by failing to raise it on appeal.

The Board argues that the circuit court properly found that it lacked jurisdiction to consider plaintiffs' motion to enforce because, when the Board timely appealed the circuit court's reversal of the Board's initial administrative decisions, the circuit court was divested of jurisdiction over plaintiffs' cases and the appellate court instantly obtained jurisdiction over all matters being appealed. Furthermore, the circuit court did not expressly retain jurisdiction over the matter. According to the Board, this court's 2005 remand decision constituted a final disposition where it reached the merits of the Board's appeal. The Board contends the 2005 remand decision impliedly conferred jurisdiction over plaintiffs' actions in the Board alone because the remand and mandate provided instructions only to the Board, and not the circuit court. The Board argues that only a direct remand by the appellate court to the circuit court could revest jurisdiction in the circuit court. The Board concludes that, because plaintiffs failed to file new complaints for administrative review within 35 days of the Board's remand decisions, the circuit court lacked jurisdiction to review any of plaintiffs' purported claims.

Section 3—103 of the Code provides that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3—103 (West 2006). The 35-day time limit required by the Administrative Review Law is an essential element of one's statutory right to seek judicial review and therefore is a jurisdictional requirement that cannot be waived. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 212 (1985).

Furthermore, section 3—104 of the Code provides, in relevant part, that "[j]urisdiction to review final administrative decisions is vested in the Circuit Courts," and the "court first acquiring jurisdiction of any action to review a final administrative decision shall have and retain jurisdiction of the action until final disposition of the action." 735 ILCS 5/3—104 (West 2006). The parties do not dispute that the circuit court was vested with jurisdiction in 2001 to review plaintiffs' consolidated complaints for administrative review.

When the agency has held a hearing, the circuit court has the power, *inter alia*, to reverse and remand the agency's decision in whole or in part, to state the questions requiring further hearing or proceedings, to give such other instructions as may be proper, and to remand for the purpose of taking additional evidence. 735 ILCS 5/3—111(a)(6), (7) (West 2006). "A remand by the circuit court to the agency for a fact determination *de novo* divests the court of all jurisdiction over the matter [citation]; although a remand to the agency for limited fact finding does not necessarily divest the circuit court of jurisdiction in the matter [citations]." *Rosecky v. Department of Public Aid*, 157 Ill. App. 3d 608, 614 (1987).

The circuit court's final decision, order, or judgment is reviewable by appeal as in other civil cases. 735 ILCS 5/3—112 (West 2006). Accordingly, the circuit court's final judgment is appealable as of right and initiated by filing a notice of appeal; no other step is jurisdictional, and the appeal is a continuation of the proceeding. 155 Ill. 2d R. 301. "Once an appeal has been perfected, jurisdiction over the matter vests in the appellate court; the circuit court may maintain jurisdiction to further supervise or enforce the appealed order, but it cannot maintain jurisdiction to substantively alter or vacate the order." *Rosecky*, 157 Ill. App. 3d at 613. "When the reviewing court remands the case for a new trial or hearing and the *mandate is filed in the circuit court*, the case shall be *reinstated therein* upon 10 days' notice to the adverse party." (Emphasis added.) 134 Ill. 2d R. 369(c). This court has previously noted that a " ' "reviewing court is divested of jurisdiction in a

cause before it *when its mandate issues to a lower court (thereby restoring jurisdiction in that court)." ' "* (Emphasis added.) *Jones v. Board of Fire & Police Commissioners*, 127 Ill. App. 3d 793, 797 (1984), quoting *Illinois State Chamber of Commerce v. Pollution Control Board*, 67 Ill. App. 3d 839, 843 (1978).

The Board's argument on appeal erroneously focuses on the finality of the circuit court's 2002 orders. Although the Board correctly notes that the circuit court's 2002 orders constituted final orders and the Board's timely appeal divested the circuit court of jurisdiction, the Board ignores the jurisdictional effect of this court's subsequent order that reversed the 2002 circuit court orders and remanded the cause to the Board for an evidentiary hearing. Moreover, when this court filed the mandate in the circuit court, the case was reinstated in the circuit court and jurisdiction was restored therein pending the outcome of the Board's fact-finding remand hearing. Furthermore, the Board erroneously argues that this court's 2005 remand order constituted a final order.

The finality of an order which remands an action to the agency turns on the substance of the instructions. " '[I]f, upon remandment, the trial court has only to enter a judgment or decree in accordance with the directions of the reviewing court, or to conduct further proceedings on uncontroverted incidental matters, then, irrespective of the remanding clause in the judgment order, the judgment of the Appellate Court is final and reviewable.' " *Wilkey v. Illinois Racing Board*, 96 Ill. 2d 245, 249 (1983), quoting *Cory Corp. v. Fitzgerald*, 403 Ill. 409, 414 (1949). However, if the " 'cause is remanded for a new trial or other further proceedings involving disputed questions of law or fact, the judgment of the Appellate Court is not of a final character.' " *Wilkey*, 96 Ill. 2d at 249, quoting *Cory Corp.*, 403 Ill. at 414-15. " 'The ultimate question to be decided in each case is whether the judgment fully and finally disposes of the rights of the parties to the cause so that no material controverted issue remains to be determined.' " *Wilkey*, 96 Ill. 2d at 249, quoting *Cory Corp.*, 403 Ill. at 414-15.

This court's 2005 remand order did not constitute a final order because it did not finally dispose of plaintiffs' rights where it instructed the Board to hold an evidentiary hearing to afford plaintiffs the opportunity to prove that their husbands' injuries permanently prevented them from returning to active duty with the fire department. See *Wilkey*, 96 Ill. 2d at 250 (court order remanding a case to the agency for a new hearing was not a final decision because the rights of the parties had yet to be fully and finally adjudicated); *Kelly v. Board of Trustees of the University of Illinois*, 201 Ill. App. 3d 692, 698 (1990) (where the circuit court's jurisdiction was properly

established by the plaintiff's initial complaint for administrative review, she was not required to file a new complaint for review of the agency's decision following remand because the circuit court retained jurisdiction over the matter since there had been no final disposition of the cause); *Lippert v. Property Tax Appeal Board*, 273 Ill. App. 3d 150, 153-54 (1995) (accord). Because the issue on remand involved fact finding, this court's instructions concerning the remand hearing were properly directed to the Board rather than the circuit court. We reject the Board's assertion that there is some qualitative difference between a reviewing court's remand order—like the one issued here—that directly instructs the agency to hold an evidentiary hearing versus a reviewing court's remand order that directs the circuit court to instruct the agency to hold an evidentiary hearing.

Contrary to the Board's assertion on appeal, our 2005 remand order did not impliedly confer jurisdiction over plaintiffs' actions in the Board alone. Rather, consistent with the Administrative Review Law and supreme court rules, we instructed the Board to take additional evidence and, on October 28, 2005, issued the mandate that reinstated the case in the circuit court—the court that first acquired jurisdiction of the case and, thus, retains jurisdiction of the action until final disposition. See 735 ILCS 5/3—104 (West 2006). Accordingly, plaintiffs were not required to file new complaints for administrative review within 35 days of the Board's 2006 remand decisions because the appeal and remand hearing were a continuation of plaintiffs' original consolidated complaint for administrative review.

Finally, the Board cites *Hickey v. Riera*, 332 Ill. App. 3d 532, 542-43 (2001), and *PSL Realty Co. v. Granite Investment Co.*, 86 Ill. 2d 291, 304-05 (1981), to support the proposition that only a remand by the appellate court directly to the circuit court rather than to the administrative agency serves to revest jurisdiction in the circuit court. Neither *Hickey* nor *PSL Realty Co.*, however, supports that proposition. Rather, the issue addressed in those cases concerned whether the effective date of the appellate court's judgment was the date the judgment was filed or the date the mandate was issued. See *Hickey*, 332 Ill. App. 3d at 543; *PSL Realty Co.*, 86 Ill. 2d at 304-06. That issue is not relevant in the instant appeal before us. Nevertheless, we note that both *Hickey* and *PSL Realty Co.* acknowledged that "the filing of the mandate from the appellate court in the circuit court *** revests jurisdiction in the circuit court." *Hickey*, 332 Ill. App. 3d at 543; see also *PSL Realty Co.*, 86 Ill. 2d at 304.

## III. CONCLUSION

For the reasons stated above, we reverse the judgment of the

circuit court concerning the lack of jurisdiction to consider plaintiffs' motion to enforce. We remand this case to the circuit court to consider plaintiffs' motion to enforce.

Reversed and remanded.

FITZGERALD SMITH, P.J., and TOOMIN, J., concur.