FIFTH DIVISION
February 19, 2010

No. 1-09-0497

SYLVIA BELL, *et al.*, )
) Appeal from the
Plaintiff-Appellee, ) Circuit Court of
) Cook County.
v. )
) 07 CH 38786
THE RETIREMENT BOARD OF THE )
FIREMEN'S ANNUITY AND BENEFIT ) The Honorable
FUND OF CHICAGO, ) William O. Maki,
) Judge Presiding.
Defendant-Appellant. )

PRESIDING JUSTICE TOOMIN delivered the opinion of the court:

In this appeal, we are asked to determine whether the Retirement Board of the Firemen's

Annuity and Benefit Fund of Chicago (Board) correctly determined that section 6-140 of the

Illinois Pension Code (40 ILCS 5/6-140 (West 2006)) does not require payment of benefits to

widows retroactive to the date of their husbands' deaths, and whether the Board's notice

informing plaintiffs of its adverse decision complied with procedural due process requirements.

The underlying proceedings were brought by the widows of Chicago firefighters whose husbands

died while on permanent disability from injuries they sustained in the line of duty. Although the

Board granted the widows' applications for greater benefits under section 6-140 of the Pension

Code, it declined to make them retroactive to the date of their husbands' deaths.

Plaintiffs sought administrative review, and the circuit court vacated in part the Board's

decision and instead ordered that the benefits be paid retroactive to the date of plaintiffs'

husbands' deaths with prejudgment and postjudgment interest.

On appeal, the Board maintains that: (1) the circuit court lacked subject matter jurisdiction as plaintiffs' complaint was not timely filed under the Administrative Review Law (735 ILCS 5/3-101 *et seq*. (West 2006)); (2) plaintiffs' annuity should be paid prospectively from the date of the *Bertucci v. Retirement Board of the Firemen's Annuity Fund*, 351 Ill. App. 3d 368, 813 N.E.2d 1201 (2000), decision, rather than retroactively from the date of plaintiffs' husbands' deaths; (3) the circuit court erred in awarding prejudgment interest; and (4) the applicable postjudgment interest rate is 6%, rather than 9% as the court awarded. For the following reasons, we vacate that portion of the circuit court's judgment awarding prejudgment interest and affirm the judgment as modified.

BACKGROUND

Plaintiffs collectively are widows of Chicago firefighters whose husbands were permanently injured as the result of their duties and were receiving duty-disability benefits from the Fireman's Annuity and Benefit Fund of Chicago (the Fund) for their injuries at the time they died. In each case, the Board had determined that the firefighters' injuries were permanent and prevented them from ever resuming work as active firefighters. However, the Board also determined that the firefighters had died from causes not related to the injuries that they sustained while on duty. After the firefighters' deaths, the Board awarded each surviving widow a non-duty death benefit annuity under section 6-141.1 of the Illinois Pension Code (40 ILCS 5/6-141.1 (West 2006)), which was 50% of the disability benefits the firefighters had been receiving, rather than the 75% duty death benefit under section 6-140 of the Pension Code (40 ILCS 5/6-140

(West 2006)), which escalates annually based on current salaries for the firefighters' positions. The widows all began receiving the non-duty death benefits from about 14 to 28 years ago.

On June 29, 2004, this court issued its decision in *Bertucci v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 351 Ill. App. 3d 368, 813 N.E.2d 1021 (2004), where we held section 6-140 of the Pension Code provides that a widow is entitled to the enhanced benefits provided she could demonstrate through medical evidence that her husband's duty injury was permanent and prevented him from ever returning to active duty. On August 19, 2005, the Fund, at the direction of the Board, notified widows whose husbands died while on disability that under the *Bertucci* decision they "may" be eligible for benefits under section 6-140. The notification included an application for the enhanced benefits and advised them that a hearing would be held at a future date before the Board. In turn, all of the plaintiffs returned applications to the Fund.

Thereafter, the Fund sent the plaintiffs a notice of hearing informing them that their application documents demonstrated that their husbands' duty disabilities also prevented them from ever resuming their service as firefighters and advised them of the date of the hearing. The notices also stated: "It is not required however, that you appear or that you retain an attorney." The plaintiffs were found eligible for section 6-140 benefits at the Board meetings on October 26, 2005, and January 18, 2006. Plaintiffs received letters from the Board advising them that their applications for section 6-140 benefits were "granted" and that they would be paid the benefits retroactive to the date of the *Bertucci* decision, as calculated by the Board. The letters stated the widows had the right to file for administrative review within 35 days of the date the letters were issued. However, the Board failed to inform plaintiffs that they were denied benefits

1-09-0497

retroactive to their husbands' date of death.

On December 14, 2005, another widow, who is not a party to this appeal, Mary Lou Long, who also was denied retroactive benefits to the date of her husband's death, filed a class action to recover such payments under section 6-140. However, on August 6, 2007, the circuit court denied Long's class certification. On August 8, 2007, plaintiffs received a letter from Long's counsel advising them that a class action had been filed to collect retroactive benefits on behalf of all widows who were unaware that the pension payments should be retroactive to the date of their husbands' deaths, but that the class action certification had been denied and they would have to obtain their own representation. On December 31, 2007, plaintiffs filed their complaint for administrative review of the Board's decision.

On January 26, 2009, the circuit court entered an order granting plaintiffs' complaint for administrative review, vacating in part the decision of the Board to grant the annuity benefits retroactive to June 29, 2004, and instead ordering that the benefits be paid from the date of plaintiffs' husbands' deaths. The court's order further awarded plaintiffs prejudgment interest at 5% on all unpaid section 6-140 benefits up to the date of the order, pursuant to section 2 of the Interest Act (815 ILCS 205/2 (West 2008)), and postjudgment interest at 9% pursuant to section 2-1303 of the Code of Civil Procedure (735 ILCS 5/2-1303 (West 2008)). This appeal followed.

ANALYSIS

I. Jurisdiction

The Board first maintains that the circuit court lacked jurisdiction over plaintiff's complaint because it was not timely filed as provided by section 3-103 of Article III of the

4

Illinois Code of Civil Procedure, referred to as the Administrative Review Law (735 ILCS 5/3-103 (West 2006)). Under the foregoing section, parties seeking judicial review of an administrative agency's decision are required to file their action within 35 days from the date of the decision. Specifically, section 3-103 provides the following:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3-103 (West 2006).

The provisions of the Administrative Review Law clearly demonstrate that the filing of the complaint for administrative review within the time period specified is a jurisdictional requirement that cannot be waived. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 211, 486 N.E.2d 893, 896 (1985). Consequently, if the statutory procedures are not strictly followed, the circuit court is lacking jurisdiction to hear the case. *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 350, 843 N.E.2d 379, 383 (2006). Because this jurisdictional question presents a question of law, our review is *de novo*. *Jelinek v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 392 Ill. App. 3d 372, 376, 910 N.E.2d 750, 754 (2009), citing *Vogue Tyre & Rubber Co. v. Office of the State Fire Marshal*, 354 Ill. App. 3d 20, 23, 820 N.E.2d 15, 17 (2004).

Notwithstanding this jurisdictional requirement, "[i]t is firmly established that administrative proceedings must conform to the constitutional requirements of due process of law." *Wendl v. Moline Police Pension Board*, 96 Ill. App. 3d 482, 486, 421 N.E.2d 584, 587

(1981). Our precedent instructs that "[t]he receipt of a disability pension is a property right which cannot be diminished without procedural due process." *Kosakowski v. Board of Trustees of the City of Calumet City Police Pension Fund*, 389 Ill. App. 3d 381, 387, 906 N.E.2d 689, 695 (2009), citing *Wendl*, 96 Ill. App. 3d at 486-87, 421 N.E.2d at 587-88. " 'The essence of procedural due process is meaningful notice and a meaningful opportunity to be heard.' " *Kosakowski*, 389 Ill. App. 3d at 387, 906 N.E.2d at 695, quoting *Trettenero v. Police Pension Fund*, 333 Ill. App. 3d 792, 799, 776 N.E.2d 840, 847 (2002). Accordingly, the 35-day jurisdictional requirement will not serve to bar a plaintiff's complaint for administrative review where the agency fails to fairly and adequately inform a plaintiff of its decision. *Keller v. Retirement Board of the Fireman's Annuity & Benefit Fund*, 245 Ill. App. 3d 48, 53-54, 614 N.E.2d 323, 327 (1993); *Barry v. Retirement Board of the Fireman's Annuity & Benefit Fund*, 357 Ill. App. 3d 749, 761-62, 828 N.E.2d 1238, 1249-50 (2005).

In *Keller*, we affirmed the circuit court's decision to invoke its jurisdiction over the cause notwithstanding that more than three years elapsed from the representative plaintiff's receipt of the Board's decision and commencement of her suit, because the Board failed to provide fair and adequate notice. *Keller*, 245 Ill. App. 3d at 53-54, 614 N.E.2d at 327. In *Keller*, the notice merely stated that at a regular meeting of the Board, their application for annuity benefits was "granted," but failed to apprise plaintiffs of the Board's decision to terminate their 75% annuity benefits. *Keller*, 245 Ill. App. 3d at 53, 614 N.E.2d at 327. We further held the plaintiffs' action was not barred because the Board failed to give plaintiffs notice of their right to appeal the decision within 35 days. *Keller*, 245 Ill. App. 3d at 54, 614 N.E.2d at 327. Such notice, we

1-09-0497

observed, was required by *Johnson v. State Employees Retirement System*, 155 Ill. App. 3d 616, 508 N.E.2d 351 (1987), a holding subsequently overruled by *Carver v. Nall*, 186 Ill. 2d 554, 714 N.E.2d 486 (1999).

In *Barry*, the letters notifying the plaintiffs of the decisions on their applications were similarly misleading because they stated that "your application for widow's annuity was *granted* in the amount of. (Emphasis added.)" *Barry*, 357 Ill. App. 3d at 762, 828 N.E.2d at 1249-50. The letters did not specify what kind of annuity had been granted; rather, they simply informed the plaintiffs of the respective amounts that they would receive each month. *Barry*, 357 Ill. App. 3d at 762, 828 N.E.2d at 1250. Also, as in *Keller*, none of the letters told the plaintiffs that the duty-related 75% widow's annuity would not be awarded. *Barry*, 357 Ill. App. 3d at 762, 828 N.E.2d at 1250.

More recently, in *Coleman v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 392 Ill. App. 3d 380, 911 N.E.2d 493 (2009), we determined that the Board's letter to the plaintiff failed to meet due process obligations necessary to activate the 35-day time limit because it stated her "application for widow's annuity was granted," but did not inform her that she was being awarded lesser benefits under section 6-141.1 of the Pension Code, rather than the higher benefits available under section 6-140. *Coleman*, 392 Ill. App. 3d at 386, 911 N.E.2d at 499. We found problematic that the Board's 2003 award letter "failed to inform plaintiff that the annuity awarded essentially constituted a denial of the alternative and higher benefit available to her under section 6-140." *Coleman*, 392 Ill. App. 3d at 386, 911 N.E.2d at 499.

We are of course mindful that pursuant to *Carver v. Nall*, 186 Ill. 2d 554, 562-63, 714

N.E.2d 486, 490-91 (1999), because the right to appeal from an administrative decision is not constitutionally mandated and therefore is not an essential component of due process, the failure to advise parties of their appeal rights within 35 days does not toll the statute of limitations. However, as we noted in *Barry*, *Carver* is not applicable where the issue does not implicate the failure to provide timely notice but rather whether notice of the decision by the Board was fair and adequate. *Barry*, 357 Ill. App. 3d at 763, 828 N.E.2d at 1250. Thus, our holding clearly resonates here; "the supreme court in *Carver* did not overrule the first basis relied upon by *Keller* in support of its decision not to apply the 35-day time limit, namely, that 'fair and adequate' notice of the decision taken by the Board is necessary to activate the 35-day statute of limitations." *Barry*, 357 Ill. App. 3d at 763, 828 N.E.2d at 1250. Similarly, the issue now before us does not concern the failure to timely inform the widow of her right to appeal, but whether the notice of the Board's decision was fair and adequate. Thus, the limitation of *Carver* is not applicable to the instant case, and we continue to adhere to the fundamental principles espoused in *Keller*, *Barry*, and *Coleman* in analyzing the sufficiency of such notices by the Board.

Nonetheless, the Board maintains that the following notice fairly and adequately informed plaintiff of its decision:

> "As you are probably aware, a recent decision from the Appellate Court held that certain widows who were able to establish that their husbands were permanently injured from a duty related injury were entitled to receive a compensation widow's annuity pursuant to Section 6-140 of the Illinois Pension Code. * * *
>
> After consideration of [the] evidence, the Retirement Board decided to grant you a

compensation widow's annuity under Section 6-140 of the Illinois Pension Code in the amount of * * *, which sum represents 75% of the current salary attached to your husband's rank and grade at the time he was initially granted duty disability benefits. This new annuity amount will be paid to your monthly beginning as of June 29, 2004, the date of the above referenced Appellate Court decision. * * *

The decision of the Retirement Board granted the application you submitted on August 26, 2005 for these increased annuity benefits. Although the Retirement Board's decision was favorable to you, you certainly have the right under the Illinois Pension Code to contest that decision. If you decide to contest the Retirement Board's decision please be advised that you must file for an administrative review of the Retirement Board's decision within thirty five (35) days of the date of this letter."

According to the Board, its letter here is distinguished from the letters in *Keller*, *Barry*, and *Coleman* where it advised the plaintiffs of the *Bertucci* decision, specifically stating that benefits would be paid under section 6-140 of the Pension Code, and also specified that the benefits thereunder would be paid retroactive to the date of the *Bertucci* decision. However, the misleading nature of the Board's letters is readily apparent. First, although the Board referred to section 6-140 and to *Bertucci*, it failed to inform plaintiffs that, in fact, its award to plaintiffs would not be in compliance with that provision, nor with the *Bertucci* decision. *Bertucci*, of course, correctly construed this provision, which clearly provides for benefits from the firefighters' date of death in their cases. Similar to *Keller*, *Barry*, and *Coleman*, the letter stated the Board had decided to "grant" plaintiffs' application for duty death benefits under section 6-

9

140, but failed to notify plaintiffs that the Board in fact was denying a substantial portion of the benefits they were seeking, in this case denying the death benefits retroactive to the dates of plaintiffs' husbands' deaths. Further, the letters referred to *Bertucci* as a "recent decision" which seemingly effected a new recognition of benefits under section 6-140, which, as we discuss further below, is entirely inaccurate. Moreover, here the letter was even further misleading by buttressing the seemingly favorable award by stating plaintiffs had the right to appeal "[a]lthough the decision was favorable" to them.

The Board additionally claims that the initial notice of the hearing on plaintiffs' applications prior to its decision in fact provided sufficient notice to comply with procedural due process. However, we find even more of an anathema to procedural due process considerations the Board's advice that it was not necessary for plaintiffs to attend the hearing, and, further, they had no need for an attorney. See *Moore v. Board of Trustees of the Sanitary District Employees' & Trustees Annuity & Benefit Fund*, 157 Ill. App. 3d 158, 165-66, 510 N.E.2d 87, 93 (1987) (as a matter of procedural due process, the board should have provided the plaintiff with notice and an opportunity to be heard). We therefore readily reject the Board's argument. Because the Board clearly failed to meet its due process obligations to trigger the 35-day limit, the circuit court had jurisdiction to entertain plaintiff's complaint for administrative review.

II. Retroactive Payment of Section 6-140 Benefits

As noted, on June 29, 2004, this court in *Bertucci* held that the widows of firefighters who died while receiving disability benefits for duty-related injuries were entitled to receive the duty death benefits under section 6-140 of the Pension Code (40 ILCS 5/6-140 (West 2006)).

*Bertucci*, 351 Ill. App. 3d at 373-74, 813 N.E.2d at 1026. Regardless of whether the firefighters' ultimate cause of death was unrelated to their disability, if their injuries had permanently prevented from subsequently resuming active service, under the statute they qualified for the higher duty death annuity benefits. *Bertucci*, 351 Ill. App. 3d at 373-74, 813 N.E.2d at 1026.

The Board contends that its decision to pay plaintiffs' section 6-140 benefits only prospectively from the date of the *Bertucci* decision, rather than the date of plaintiffs' husbands' deaths, was correct because *Bertucci* established a new principle of law. Whether section 6-140 requires duty-related death benefits to commence on the firefighter's date of death is a matter of statutory construction which we review *de novo*. *Hooker v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 391 Ill. App. 3d 129, 139, 907 N.E.2d 447, 457 (2009). See also *Coleman*, 392 Ill. App. 3d at 387, 911 N.E.2d at 500, citing *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 532, 870 N.E.2d 273, 293 (2006).

The Board submits that under the rule of *Chevron Oil Co. v. Huson*, 404 U.S. 97, 30 L. Ed. 2d 296, 92 S. Ct. 349 (1971), the *Bertucci* decision should be applied here only prospectively. In *Chevron*, the Supreme Court held that a court must first determine whether the decision sought to be applied prospectively only established a new principle of law, either by overruling past precedent on which the parties have relied or by deciding an issue of first impression, the resolution of which was not clearly foreshadowed. *Chevron*, 404 U.S. at 106-07, 30 L. Ed. 2d at 306, 92 S. Ct. at 355. However, in civil cases, an opinion issued by a court is generally presumed to apply both retroactively and prospectively. *Coleman*, 392 Ill. App. 3d at 387, 911 N.E.2d at 500, citing *Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 86, 679

N.E.2d 1224, 1226 (1997). That presumption can be overcome if either the issuing court expressly states that its decision will be applied prospectively or where a later court, under certain circumstances, declines to give the previous decision retroactive effect to the parties appearing before that tribunal. *Coleman*, 392 Ill. App. 3d at 387, 911 N.E.2d at 500, citing *Aleckson*, 176 Ill. 2d at 86, 679 N.E.2d at 1226.

This court has clearly held that *Bertucci* did not state that it was to be applied prospectively only, nor did it establish a new principle of law. See *Coleman*, 392 Ill. App. 3d at 388, 911 N.E.2d at 500. Rather, as we explained, *Bertucci* relied upon and followed an earlier decision, *Tonkovic v. Retirement Board of the Fireman's Annuity & Benefit Fund*, 282 Ill. App. 3d 876, 668 N.E.2d 1126 (1996). *Coleman* 392 Ill. App. 3d at 388, 911 N.E.2d at 500, citing *Tonkovic*, 282 Ill. App. 3d 876, 668 N.E.2d 1126, and *Bertucci*, 351 Ill. App. 3d at 374-79, 813 N.E.2d at 1026-1030. The court in *Tonkovic* held that the plain language of section 6-140 " 'provides that a surviving spouse is eligible for [section 6-140] benefits if the decedent firefighter's performance of an act or acts of duty prevented him from resuming active service until his or her death.' " *Coleman*, 392 Ill. App. 3d at 388, 911 N.E.2d at 500, quoting *Tonkovic*, 282 Ill. App. 3d at 880, 668 N.E.2d at 1129. *Tonkovic*'s construction of the statute was merely followed later by *Bertucci*. *Coleman* 392 Ill. App. 3d at 388-89, 911 N.E.2d at 501, citing *Hooker*, 391 Ill. App. 3d at 141-42, 907 N.E.2d at 459, and *Cunningham v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 389 Ill. App. 3d 1065, 1076, 907 N.E.2d 463, 474 (2009). As we specifically rejected the Board's argument that *Bertucci* should only be applied prospectively (see *Coleman*, 392 Ill. App. 3d at 389, 911 N.E.2d at 501), we have no difficulty

rejecting the Board's interpretation of *Bertucci* here.

Interestingly, both parties also dispute the application of *Long v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 391 Ill. App. 3d 681, 909 N.E.2d 264 (2009), *pet. for reh'g denied*, No. 1-07-3569 (June 12, 2009). In *Long*, we affirmed the circuit court's judgment that the Board should have awarded the plaintiff widow duty-related annuity death benefits under section 6-140 of the Pension Code, but we determined the payment of these benefits should be calculated from July 25, 1996, the date of the *Tonkovic* decision. *Long*, 391 Ill. App. 3d at 689, 909 N.E.2d at 271. Although we noted that the statute directs the Board to compute the annuity from the date of the firefighter's death (*Long*, 391 Ill. App. 3d at 687, 909 N.E.2d at 270), we found that "[t]his court's decision in *Tonkovic* was the first time it was apparent that the Board's reliance on its interpretation of the statute and long-standing practice was misplaced." *Long*, 391 Ill. App. 3d at 689, 909 N.E.2d at 271. Therefore, we determined "that the purpose and effect of the new rule would be best served by not imposing a burden on the Board predating our holding in *Tonkovic*." *Long*, 391 Ill. App. 3d at 689, 909 N.E.2d at 271. Thus, we remanded to the circuit court for the calculation of benefits retroactively only to the date of the *Tonkovic* decision. *Long*, 391 Ill. App. 3d at 689, 909 N.E.2d at 271.

Plaintiffs posit that we should not follow the holding of *Long* because this decision did not follow the *Chevron* test, nor did it overcome the presumption of the retroactivity of *Tonkovic*. According to plaintiffs, *Long* misapplied the *Chevron* test because the holding that the language of the statute was clear "necessarily means that the statute foreshadowed the result of the decision in *Tonkovic*." Plaintiffs take issue with the fact that in *Long* we simply stated that

13

*Tonkovic* was a case of first impression, but did not also find its "resolution was not clearly foreshadowed," as required under the first prong of the *Chevron* analysis. See *Chevron*, 404 U.S. at 106-07, 30 L. Ed. 2d at 306, 92 S. Ct. at 355. Plaintiffs further maintain that, while *Tonkovic* was the first case to interpret section 6-140, the plain language of section 6-140 was merely explained and, therefore, *Tonkovic* did not announce a new rule of law.

In response, the Board asserts that plaintiffs have forfeited their argument against the application and reasoning of *Long*, because they failed to raise it below in the circuit court. The Board maintains that plaintiffs actually presented the same argument adopted in *Long*, that *Tonkovic* announced a new rule of law and that *Bertucci* applied retroactively only to the date of the *Tonkovic* decision. On the contrary, our record shows that plaintiffs indeed cited to *Long* in the proceedings below, but not for the proposition that *Tonkovic* should be applied prospectively as a new rule of law. Rather, plaintiffs merely cited to *Long*'s specific holding rejecting *Bertucci* as a new rule of law. *Long*'s rationale and determination regarding *Tonkovic* was not brought before the circuit court by either party. Regardless of forfeiture considerations, however, under our *de novo* review we analyze the holding of *Long*, as well as other precedent relevant for resolution of this issue.

Implicit in our consideration is a recognition that our legislature amended section 6-140 of the Pension Code, effective July 12, 2001, by Public Act 92-0050, which was after the date *Tonkovic* was decided. The legislature did not delete or change the second clause of section 6-140 at issue here. See 40 ILCS 5/6-140 (2000); Pub. Act 92-0050, eff. July 12, 2001. Therefore, we must indulge in the presumption that "the legislature was aware of judicial decisions

14

concerning prior and existing law and legislation." *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 95 Ill. 2d 211, 218, 447 N.E.2d 394, 398 (1983). Further, as plaintiffs maintain, there is no legislative history to support the Board's argument that either *Bertucci* or *Tonkovic* presented a new rule of law in interpreting the statute. As plaintiffs cogently point out, there had been no prior precedent interpreting the statute to the contrary. Additionally, are cognizant of plaintiffs' observation that *Long* was indeed decided without the parties squarely addressing this issue. We agree with plaintiffs and conclude that, since the legislature did not change this portion of section 6-140 after the *Tonkovic* decision, it deemed the judicial interpretation in *Tonkovic* consistent with legislative intent and the plain meaning of the statute.

In *Hooker*, we summarized how section 6-140 clearly provides that a widow's duty death annuity is computed from the "date of the event," which is the date of the fireman's death, and that this language had been codified in the Pension Code since as early as 1959. *Hooker*, 391 Ill. App. 3d at 139-40, 907 N.E.2d at 457. We held that *Tonkovic* was the first case to construe this statute and that *Bertucci* did not decide a new principle of law. *Hooker*, 391 Ill. App. 3d at 141-42, 907 N.E.2d at 459. In *Cunningham*, decided the same day as *Hooker*, we again held that *Bertucci* did not announce a new rule of law and that the statute was clear that benefits were to be paid from the date of death. *Cunningham*, 389 Ill. App. 3d at 1074-76, 907 N.E.2d at 473-74. In so holding, we reviewed the clarity of this legislative enactment:

> "Section 6-116 of the Pension Code also provides that the annuity begins on 'the date of
> the event upon which payment of annuity shall depend' which, in the context of a
> widow's annuity, is the date of the fireman's death. 40 ILCS 5/6-116 (West 2000).

15

Section 6-140 of the Pension Code provides that a widow's duty death annuity is computed at the time of the fireman's death. 40 ILCS 5/6-140 (West 2000). We note that the 'date of the event' language, which triggers the payment of an annuity, ties the date of the event to the date of the fireman's death. The aforementioned language has been codified in the Pension Code since as early as 1959, and the statute was renumbered as section 6-116 of the Pension Code in 1963. Currently, the 'date of the event' language is codified in the Pension Code as section 6-116. Therefore, the Pension Code directs the Retirement Board to compute the widows' duty death annuity from date of the fireman's death. 40 ILCS 5/6-116, 6-140 (West 2000)." *Cunningham*, 389 Ill. App. 3d at 1073-74, 907 N.E.2d at 472.

Thus, notwithstanding *Long*, we have consistently determined that benefits indeed are to be paid from the date of death. See *Coleman*, 392 Ill. App. 3d 380, 911 N.E.2d 493. We held that "[b]ecause *Tonkovic*'s construction of section 6-140 of the Pension Code was later followed by this court in *Bertucci*, *Bertucci* neither established a new principle of law nor decided an issue of first impression." *Coleman*, 392 Ill. App. 3d at 388-89, 911 N.E.2d at 501, citing *Hooker*, 391 Ill. App. 3d at 141-42, 907 N.E.2d at 459, and *Cunningham*, 389 Ill. App. 3d at 1076, 907 N.E.2d at 474. Accordingly, we affirmed the circuit court's judgment ordering the Board to pay benefits retroactively to the date of the plaintiff's husband's death. *Coleman*, 392 Ill. App. 3d at 388-89, 911 N.E.2d at 501.

From the foregoing discussion, we discern that *Long* appears to be the only case holding that *Tonkovic* announced a new rule of law under section 6-140, a decision which has not since

been followed. We reiterate that *Tonkovic* was merely the first case to *construe* section 6-140; it did not announce a new rule of law. We therefore again reject the Board's argument that *Bertucci* should be applied only prospectively, and we also reject the Board's alternative argument, based on *Long*, that benefits should be paid only from the date of the *Tonkovic* decision.

We again hold that the statutory enactment of section 6-140 is plain and unambiguous. *Tonkovic*, *Bertucci*, *Hooker*, and *Coleman* all clearly relied on the plain language of section 6-140. *Long* notwithstanding, *Tonkovic*, *Bertucci*, *Hooker*, and *Coleman* manifest our abiding determination that neither *Bertucci* nor *Tonkovic* announced a new rule of law. Thus, there is no basis for the *Chevron* analysis. "Where the language of the statute is clear and unambiguous, the only legitimate function of the courts is to enforce the law as enacted by the legislature." *Cunningham*, 389 Ill. App. 3d at 1076, 907 N.E.2d at 474, citing *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 320, 789 N.E.2d 1248, 1252 (2003), citing *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 391, 712 N.E.2d 298, 304 (1998). Foremost in our determination is a recognition of our province to simply apply the statute as written. We affirm the circuit court's judgment awarding benefits from the date of death of plaintiffs' deceased husbands.

### III. Prejudgment Interest

The Board also argues that the circuit court erred in awarding plaintiffs prejudgment interest. " 'The decision whether to award prejudgment interest is within the circuit court's sound discretion, subject to reversal only upon abuse of discretion.' " *Barry*, 357 Ill. App. 3d at 771, 828 N.E.2d at 1257, quoting *United States Fidelity & Guaranty Co. v. Alliance Syndicate, Inc.*,

17

1-09-0497

286 Ill. App. 3d 417, 420, 676 N.E.2d 278, 280-81 (1997).

As to this issue, a recent opinion by our supreme court is dispositive. In *Kouzoukas v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 234 Ill. 2d 446, 917 N.E.2d 999 (2009), the Illinois Supreme Court held that duty disability benefits under public pension agreements do not require prejudgment interest. In *Kouzoukas*, the court addressed the split of authority within the appellate court regarding prejudgment interest. *Kouzoukas*, 234 Ill. 2d at 473-74, 917 N.E.2d at 1015. In turn, the court clarified our understanding that, absent any suggestion of purposeful wrongdoing by the Board which would warrant an award of prejudgment interest on equitable grounds, a statute must authorize the award. Additionally, in analyzing section 2 of the Interest Act, the court concluded that public pension agreements under the Pension Code are not "other instruments of writing" within the meaning of the Interest Act. *Kouzoukas*, 234 Ill. 2d at 477, 917 N.E.2d at 1017. Accordingly, the court held that the plaintiff was not entitled to prejudgment interest on the duty disability benefits paid under the public pension agreement.

Similarly here, plaintiffs do not allege purposeful wrongdoing by the Board such that equitable grounds would support the award of prejudgment interest. Furthermore, the Board's pension plan here similarly is not within the scope of section 2 of the Interest Act. We are thus bound to follow the holding of *Kouzoukas* and conclude that plaintiffs here are not entitled to prejudgment interest. As plaintiffs were awarded prejudgment interest, we must reverse and vacate that portion of the circuit court's judgment and modify it to reflect no award of prejudgment interest.

18

1-09-0497

## IV. Postjudgment Interest

Finally, the Board asserts that the circuit court erred in awarding postjudgment interest at the rate of 9% instead of 6%. The Board maintains that the lower interest rate applies because the Board's pension fund qualifies as a governmental entity under section 2-1301 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1303 (West 2006)).

Section 2-1303 of the Code governs awards of postjudgment interest and provides, in pertinent part, that when the judgment debtor is a governmental entity, the judgment shall draw interest at the rate of 6% per annum, rather than the higher 9% rate. 735 ILCS 5/2-1303 (West 2006). In *Barry*, we determined that in order to qualify as a governmental entity, an entity must perform a governmental function authorized by constitution, statute, or other law and be carried out for the benefit of the general public. *Barry*, 357 Ill. App. 3d at 779-80, 828 N.E.2d at 1263. We concluded that neither the Board nor its fund qualified as a governmental entity under section 2-1303 of the Code because neither performed a governmental function; rather, the Board's primary function was to administer the pension fund created for the benefit of firemen. *Barry*, 357 Ill. App. 3d at 780, 828 N.E.2d at 1263-64.

We continue to follow *Barry*. The Board cites to no new precedent or change in our Code of Civil Procedure. Thus, we find that the circuit court properly awarded plaintiff postjudgment interest at the rate of 9%.

## CONCLUSION

For all of the foregoing reasons, we vacate the portion of the circuit court's judgment awarding prejudgment interest and affirm the judgment as modified.

19

Affirmed as modified.

FITZGERALD SMITH and HOWSE, JJ., concur.