2022 IL App (1st) 210467

FIRST DISTRICT
SIXTH DIVISION
May 20, 2022

No. 1-21-0467

| | | |
|---|---|---|
| LORI G. LEVIN, On Behalf of Herself and Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 16 CH 14789 |
| | ) | |
| THE RETIREMENT BOARD OF THE COUNTY EMPLOYEES' AND OFFICERS' ANNUITY AND BENEFIT FUND OF COOK COUNTY, | ) ) ) | Honorable |
| | ) | Raymond W. Mitchell, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Pierce and Justice Mikva concurred in the judgment and opinion.

**OPINION**

¶ 1     This administrative review case concerns the appeal by plaintiff Lori G. Levin of the decision of defendant Retirement Board of the County Employees' and Officers' Annuity and Benefit Fund of Cook County (Board) denying her application to purchase health insurance under the County Employees' and Officers' Annuity and Benefit Fund of Cook County (Fund). The Board denied Levin's request because her last employer was not Cook County but the State of Illinois and, pursuant to a provision in the benefits handbook, a person was not eligible for that insurance unless he or she was an "annuitant" as defined by statute and his or her last job was with Cook County. Levin appealed to the circuit court, which affirmed the Board's decision. On appeal to this court, we reversed the Board's order, on the basis that Levin was indisputably an annuitant and the Board exceeded its authority in implementing the last-employer rule, and remanded to the

Board to enter an order granting Levin's request to participate in the health insurance program retroactive to the date of her application. *Levin v. Retirement Board of the County Employees' & Officers' Annuity & Benefit Fund*, 2019 IL App (1st) 181167, ¶¶ 1, 2, 31.

¶ 2      After the supreme court dismissed the Board's appeal from this court's decision (*Levin v. Retirement Board of the County Employees' & Officers' Annuity & Benefit Fund*, 2020 IL 125141 (*per curiam*)) but before this court's mandate issued, Levin filed in the circuit court a motion to certify a class of Fund annuitants, notify the class members, and award Levin damages and attorney fees. The circuit court granted the Board's motion to strike Levin's motion and dismissed the case for want of jurisdiction. On appeal, Levin contends that the circuit court erred because it was revested with jurisdiction by the mandate of the supreme court and retained jurisdiction until final disposition. For the reasons stated below, we affirm.

¶ 3                                    I. JURISDICTION

¶ 4      The circuit court denied Levin's class action and fee motion and dismissed the case on April 12, 2021, and Levin filed her notice of appeal on April 23, 2021. Accordingly, this court has jurisdiction pursuant to article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017) governing appeals of final judgments or orders in civil cases.

¶ 5                                    II. BACKGROUND

¶ 6      Levin applied to purchase retiree health insurance under the Fund in September 2016. The Board denied Levin's request in October 2016 because her last employer was the State of Illinois rather than Cook County. The Board pointed to a provision in its benefits handbook that a retired

Cook County employee was not eligible for retiree health insurance under the Plan unless he or she was an annuitant as defined by statute and his or her last job was with Cook County.

¶ 7    Levin sought administrative review in the circuit court, which remanded the case to the Board in a March 2017 agreed order while retaining jurisdiction to review the resulting Board decision. The Board issued a final order denying Levin's insurance coverage request in June 2017. The case returned to the circuit court, which affirmed the Board's decision in May 2018.

¶ 8    While the case was pending in the circuit court, Levin filed a motion for certification of two classes: a class of all Fund annuitants, and another class of all Fund annuitants denied retiree health insurance under the Board's last-employee rule. The motion was continued from time to time and not expressly ruled upon, but the May 2018 affirmance order provided that it was "a final Order disposing of all matters in this litigation."

¶ 9    On appeal from the circuit court's affirmance, we reversed the Board's order. *Levin*, 2019 IL App (1st) 181167, ¶ 2. Levin was indisputably an annuitant, as the Board had granted her annuity benefits in 2012. *Id* ¶ 6. We found that the Board exceeded its authority when it implemented the last-employer rule. *Id.* ¶¶ 18-28. We therefore reversed the Board's order and "remand[ed] these proceedings to the Board for the entry of an order granting Levin's request to participate in the health insurance program retroactive to the date of her application." *Id.* ¶ 31.

¶ 10    The Board appealed our decision, but the supreme court dismissed the appeal. *Levin*, 2020 IL 125141. The dismissal order expressly provided that the effect of the dismissal was to affirm the appellate court decision but without precedential effect. The supreme court's mandate was filed in the circuit court in July 2020.

¶ 11    In August 2020, Levin filed in the circuit court a motion to certify a class of Fund annuitants, notify the class members of their right to obtain health insurance under the Fund and of a claims process to seek damages for having to obtain health insurance elsewhere, and award Levin damages for her additional health care costs, plus attorney fees. She argued that she was entitled to attorney fees under the Illinois Administrative Procedure Act (5 ILCS 100/10-55 (West 2018)), the Illinois Civil Rights Act of 2003 (740 ILCS 23/5 (West 2018)), and "as a matter of general equity." Attached to the motion was a bill for attorney fees and costs totaling nearly $533,000.

¶ 12    This court issued its mandate and it was filed in the circuit court in October 2020.

¶ 13    The Board filed a motion to strike Levin's motion for class certification and attorney fees. The Board stated that it had, in July 2020 upon remand, granted Levin's request for health insurance coverage under the Fund and awarded her $63,984 "representing the calculated share of costs subsidized by the Fund retroactive to the date she originally applied." The Board argued that it had provided all the relief mandated by this court and that the further relief Levin sought in her motion was beyond the scope of the appellate mandate. Noting that the remand was to the Board, not the circuit court, and that the effect of the supreme court dismissal was to affirm the appellate court decision, the Board argued that the circuit court lacked jurisdiction.

¶ 14    Levin responded to the motion to strike her motion, arguing that the filing of the mandates of the supreme and appellate courts revested the circuit court with jurisdiction "over proceedings remanded to the Board." In other words, she argued, the remand to the Board did not divest the circuit court of jurisdiction.

¶ 15    The Board replied in support of its motion to strike. It argued that the class certification and award of attorney fees sought by Levin were outside the narrow scope of the appellate court mandate. It also argued that the circuit court lost jurisdiction with the notice of appeal, that only a remand to the circuit court would revest it with jurisdiction, and that the supreme court decision was facially a dismissal but effectively an affirmance of the appellate decision. The Board additionally argued that remand to the Board was for the ministerial act of granting Levin health insurance under the Fund, with no further hearings or factfinding. Had the case been remanded for further nonministerial proceedings, the circuit court would have retained jurisdiction to review the result of those proceedings, but this remand was not of that nature.

¶ 16    The Board also argued that, even if the mandate revested the circuit court with jurisdiction, that jurisdiction was limited to the scope of the mandate. That scope would be the circuit court ensuring that the Board granted Levin coverage as directed, but the Board had already done so when Levin filed her motion. The Board asserted that Levin had not filed a class action complaint and abandoned her earlier motion for class certification when she did not seek a hearing on that motion. Lastly, attorney fee awards are not authorized in administrative review cases, and the Civil Rights Act awards attorney fees only for discrimination claims, which Levin did not raise.

¶ 17    On April 12, 2021, the circuit court granted the Board's motion to strike Levin's motion and dismissed the case, finding that it lacked jurisdiction. The effect of the appellate and supreme court decisions was to reverse the Board's decision and remand to the Board with specific directions. With no remand to the circuit court, it was not revested with jurisdiction, it found. A remand to the Board for further hearings or factfinding would revest the circuit court with jurisdiction. However, the circuit court noted, the appellate court's direction to the Board entailed

not such a hearing or factfinding but the nondiscretionary entry of an order granting Levin coverage. This appeal followed.

¶ 18                                    III. ANALYSIS

¶ 19    On appeal, Levin contends that the circuit court erred in granting the Board's motion to strike her motion for class certification and attorney fees for want of jurisdiction because the court was revested with jurisdiction by the mandate of the supreme court and retained jurisdiction until final disposition. The Board responds that the court did not err because (1) the appellate court mandate, affirmed by the supreme court, was the final disposition of Levin's administrative review action and (2) that mandate was a remand to the Board for ministerial entry of an order granting Levin insurance coverage rather than for a new hearing or further factfinding.

¶ 20    Review of an issue of jurisdiction, and of whether the circuit court complied with an appellate mandate, is *de novo. Toushin v. Ruggiero*, 2021 IL App (1st) 192171, ¶ 45; *Bell v. Retirement Board of Firemen's Annuity & Benefit Fund*, 398 Ill. App. 3d 758, 763 (2010).

¶ 21    Generally, the timely filing of a notice of appeal divests the circuit court of jurisdiction and vests the appellate court with jurisdiction. *In re Marriage of Levites*, 2021 IL App (2d) 200552, ¶ 48. The circuit court retains jurisdiction over matters collateral or supplemental to the judgment so that orders it enters after filing of the notice of appeal are valid if the substantive issues on appeal are not altered so as to present a new case to the appellate court. *Landmarks Illinois v. Rock Island County Board*, 2020 IL App (3d) 190159, ¶ 37.

¶ 22    Here, the circuit court disposed of Levin's first motion for class certification when it affirmed the Board decision in an order expressly disposing of all pending matters so that Levin's motion was no longer pending when she filed her first notice of appeal in 2018. In other words,

there were no proceedings beyond the affirmance of the Board's decision over which the circuit court retained jurisdiction once that affirmance was appealed. We therefore turn to whether and to what extent the circuit court was revested with jurisdiction after we disposed of that appeal.

¶ 23    "When the reviewing court dismisses the appeal or affirms the judgment and the mandate is filed in the circuit court, enforcement of the judgment may be had and other proceedings may be conducted as if no appeal had been taken." Ill. S. Ct. R. 369(b) (eff. July 1, 1982). Thus, the general rule is that the filing in the circuit court of a mandate affirming its judgment or dismissing the appeal revests the circuit court with jurisdiction, and an express remand is not required for that court to consider other proceedings such as a fee petition. *In re Marriage of Kane*, 2018 IL App (2d) 180195, ¶ 10. "When the reviewing court remands the case for a new trial or hearing and the mandate is filed in the circuit court, the case shall be reinstated therein upon 10 days' notice to the adverse party." Ill. S. Ct. R. 369(c) (eff. July 1, 1982). Conversely, where a judgment is reversed without remand, the circuit court is not revested with jurisdiction over the case. *Glens of Hanover Condominium Ass'n v. Carbide*, 2014 IL App (2d) 130432, ¶¶ 4-5 (citing *Watkins v. Dunbar*, 318 Ill. 174 (1925)).

¶ 24    Here, our mandate in the initial appeal reversed the Board's decision and remanded the case to the Board with a direction to enter an order granting Levin insurance coverage under the Fund. While our mandate was filed in the circuit court, we did not remand the case to that court or direct it to do anything. Moreover, in reversing the Board's decision, we implicitly reversed the court's affirmance of the Board's decision. The supreme court then issued an order dismissing the Board's appeal of our decision, effectively affirming our reversal of the Board and circuit court. In other words, the supreme court did not affirm *the circuit court judgment* for purposes of Illinois

Supreme Court Rule 369(b) (eff. July 1, 1982). The net effect of the mandates of this court and the supreme court as to the circuit court was to reverse its decision without remanding the case to it. "The *Watkins* rule is clear—a reversal without remand does not revest the trial court with jurisdiction. There was no case pending in the trial court following our reversal without remand. Accordingly, we hold that the trial court here correctly ruled that it lacked jurisdiction over" Levin's motion. *Carbide,* 2014 IL App (2d) 130432, ¶ 9.

¶ 25    Levin cites *Jelinek v. Retirement Board of Firemen's Annuity & Benefit Fund*, 392 Ill. App. 3d 372 (2009), in support of the proposition that the circuit court had jurisdiction following our mandate. However, we find *Jelinek* to be distinguishable.

¶ 26    *Jelinek* involved a reversal of the circuit court judgment and remand to the administrative board "for an evidentiary hearing" so that "when this court filed the mandate in the circuit court, the case was reinstated in the circuit court and jurisdiction was restored therein *pending the outcome of the Board's fact-finding remand hearing*." (Emphasis added.) *Id.* at 378. "The court first acquiring jurisdiction of any action to review a final administrative decision shall have and retain jurisdiction of the action until final disposition of the action." 735 ILCS 5/3-104 (West 2018). The *Jelinek* court explained that the "finality of an order which remands an action to the agency turns on the substance of the instructions," distinguishing the finality of a remand to enter a judgment in accordance with the directions of the reviewing court from the nonfinality of a remand for a new trial or other proceedings involving disputed questions of law or fact. *Jelinek*, 392 Ill. App. 3d at 378 (citing *Wilkey v. Illinois Racing Board*, 96 Ill. 2d 245, 249 (1983)).

"This court's 2005 remand order did not constitute a final order because it did not finally dispose of plaintiffs' rights where it instructed the Board to hold an evidentiary hearing to

afford plaintiffs the opportunity to prove that their husbands' injuries permanently prevented them from returning to active duty with the fire department." *Id.*

Therefore, the *Jelinek* "plaintiffs were not required to file new complaints for administrative review within 35 days of the Board's 2006 remand decisions because the appeal and remand hearing were a continuation of plaintiffs' original consolidated complaint for administrative review." *Id.* at 379.

¶ 27    In stark contrast, our decision *was* a final disposition of Levin's substantive rights, finding her entitled to insurance coverage under the Fund and remanding to the Board for the ministerial entry of an order to that effect. Unlike *Jelinek*, we did not remand for further factfinding or decision-making by the Board that could require further circuit court review of a Board decision. Thus, unlike the remand for an evidentiary hearing in *Jelinek*, our mandate was a "final disposition of the action" (735 ILCS 5/3-104 (West 2018)) so that the circuit court no longer retained jurisdiction under section 3-104 once our mandate issued.

¶ 28                                    IV. CONCLUSION

¶ 29    Accordingly, the judgment of the circuit court is affirmed.

¶ 30    Affirmed.

---

**No. 1-21-0467**

---

| | |
|---|---|
| **Cite as:** | *Levin v. Retirement Board of the County Employees' & Officers' Annuity & Benefit Fund*, 2022 IL App (1st) 210467 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 16-CH-14789; the Hon. Raymond W. Mitchell, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Clinton A. Krislov and Christopher M. Hack, of Krislov & Associates, Ltd., of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Mary Patricia Burns, Vincent D. Pinelli, and Sarah A. Boeckman, of Burke Burns & Pinelli, Ltd., of Chicago, for appellee. |

---