2019 IL App (1st) 181167

SIXTH DIVISION
June 7, 2019

No. 1-18-1167

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| LORI G. LEVIN on Behalf of Herself and All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 16 CH 14789 |
| THE RETIREMENT BOARD OF THE COUNTY EMPLOYEES' AND OFFICERS' ANNUITY AND BENEFIT FUND OF COOK COUNTY, | ) ) ) ) | Honorable |
| Defendant-Appellee. | ) ) | Kathleen M. Pantle, Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justice Cunningham concurred in the judgment and opinion.
Justice Connors dissented, with opinion.

**OPINION**

¶ 1    In September 2016, plaintiff-appellant, Lori G. Levin, requested that defendant-appellee, the Retirement Board of the County Employees' and Officers' Annuity and Benefit Fund of Cook County (hereinafter Board), allow her to purchase health insurance under the County Employees' and Officers' Annuity and Benefit Fund of Cook County (hereinafter Fund). After several procedural delays, the Board voted to deny Levin the ability to purchase health insurance under the Fund because Levin's last employer was the State of Illinois and not Cook County. The Board cited a provision in the benefits handbook, which required that in order to be eligible

for the insurance, an individual must be an "annuitant" as defined by statute and the annuitant's last job must have been with Cook County. Levin appealed the Board's decision to the circuit court of Cook County. In May 2018, the circuit court affirmed the Board's decision. The circuit court ruled Levin did not have an unconditional right to the health insurance and the Board did not exceed its authority when it implemented the "last-employer" rule. Levin then appealed to this court.

¶ 2     For the reasons stated more fully below, we reverse the order of the Board. It is undisputed that Levin is an "annuitant," and we conclude that under the applicable statute she is entitled to seek health insurance provided by the Fund. We hold the Board exceeded its authority when it implemented the "last-employer" rule. The rule is declared void and unenforceable.

¶ 3                                JURISDICTION

¶ 4     This action commenced on September 22, 2016, when Levin sent a letter to the Board requesting health benefits under the Fund. The Board denied her request in a final order dated June 12, 2017. Levin timely sought administrative review of the Board's order before the circuit court of Cook County. On May 10, 2018, the circuit court affirmed the Board's order denying health insurance benefits to Levin. On June 4, 2018, Levin timely filed her notice of appeal. Accordingly, this court has jurisdiction over this matter pursuant to article VI, section 6, of the Illinois Constitution and Illinois Supreme Court Rules 301 and 303. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); Ill. S. Ct. R. 303 (eff. May 30, 2008).

¶ 5                                BACKGROUND

¶ 6     Both parties agree the facts of this case are largely undisputed. Plaintiff-appellant, Levin, was employed by Cook County as an assistant state's attorney from November 1, 1980, until July 31, 2003. During her employment with Cook County, she made the employee contributions required to be an annuitant of the Fund. On or about August 1, 2003, Levin entered into service

with the State of Illinois as executive director of the Illinois Criminal Justice Information Authority. During her tenure as executive director, Levin paid employee contributions required as a participant of the State Employees' Retirement System. On or about June 5, 2009, Levin resigned from service with the State of Illinois. On December 20, 2011, the Board received Levin's application for annuity benefits. The Board approved the application at its regularly scheduled meeting in January 2012. The calculation of Levin's annuity benefit was based upon her service with Cook County and the State of Illinois pursuant to the Retirement Systems Reciprocal Act (40 ILCS 5/20-101 *et seq.* (West 2016)).

¶ 7    Following her retirement from the State, Levin had health insurance under her husband's employer's plan. Subsequently, her husband left his employer and the couple continued to have coverage via COBRA insurance. This coverage expired on October 1, 2016. Since Levin had not worked for the State of Illinois for the required eight years, she was ineligible to participate in the State of Illinois's retiree health insurance plan.

¶ 8    In a letter dated September 22, 2016, Levin requested that the Board allow her to purchase health insurance under the Fund's plan for herself and her husband. The Board responded in a letter dated October 6, 2016. It stated her request had been rejected:

> "The Board has considered your request and we regret that upon review you and your husband do not satisfy the eligibility requirements to participate in the retiree health plan. In closing, because Cook County was not your last employer prior to the effective date of your annuity benefits, you do not meet the eligibility requirements."

The Board's October 6, 2016, letter referenced the "Cook County Pension Fund Health Benefits Handbook" dated 2009 (hereinafter Handbook), which states that in order to be eligible for the retiree health benefits, a participant must be both an "annuitant" pursuant to section 9-239 of the

Illinois Pension Code (*id.* § 9-239) and must have been last employed with Cook County or the Forest Preserve District.

¶ 9    In an October 22, 2016, letter to the Board, Levin requested reconsideration of the October 6 decision. No response was ever received. On November 10, 2016, Levin filed a complaint in the circuit court of Cook County seeking administrative review of the Board's October 6 decision. On March 14, 2017, at the request of the Board, the circuit court entered an agreed order remanding the matter "to the Board for further proceedings, at its April 6, 2017 meeting and to issue a final administrative decision regarding Plaintiff's request to purchase group health insurance from the Fund." Following an executive session, the Board adopted a motion to take the matter "under advisement and that a decision regarding her request be deferred until the Board's next regular meeting on May 4, 2017."

¶ 10    The Board did not address the issue at the May 4 meeting nor did it address it at the June 1 meeting. At a special meeting of the Board on June 12, 2017, the Board issued a final decision rejecting Levin's request. The Board again pointed to the eligibility requirements found in the Handbook.

¶ 11    The parties then returned to the circuit court. The parties briefed Levin's complaint for administrative review. On September 27, 2017, the circuit court requested supplemental briefing on whether it was necessary to reach the constitutional grounds raised in Levin's complaint. After supplemental briefing, the circuit court heard oral arguments on November 20, 2017. On May 10, 2018, the circuit court issued an order affirming the Board's denial of Levin's request. In its ruling, the circuit court held that section 9-239 did not provide Levin with an unconditional right to participate in the Fund's health plan because the statute states that the Fund "may" subsidize an annuitant's health coverage. The court further ruled that the "last-employer" rule

adopted in 2009 did not exceed the Board's authority and did not conflict with the Pension Code. Finally, the court held that the pension clause of the Illinois Constitution was inapplicable.

¶ 12    This timely appeal followed.

¶ 13                                                ANALYSIS

¶ 14    Initially, the parties disagree as to the standard of review applicable to this case. In an appeal from an administrative review proceeding, this court will review the agency's decision, not the trial court's final order. *Roszak v. Kankakee Firefighters' Pension Board*, 376 Ill. App. 3d 130, 138 (2007). Under the Administrative Review Law, the scope of judicial review extends to all questions of law and fact presented by the record before the court. 735 ILCS 5/3-110 (West 2016). The standard of review, which determines the deference given to the Board's decision, depends on whether the question presented is one of fact, one of law, or a mixed question of law and fact. *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 204-05 (1998).

¶ 15    The Board argues this case presents a mixed question of law and fact and should be subject to the clearly erroneous standard of review. *Id.* at 205. A mixed question is one " 'in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard, or *** whether the rule of law as applied to the established facts is or is not violated.' " *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 391 (2001) (quoting *Pullman-Standard v. Swint*, 456 U.S. 273, 289 n.19 (1982)). Levin argues the issue before this court is purely a question of law and should be reviewed under a *de novo* standard. *Branson v. Department of Revenue*, 168 Ill. 2d 247, 254 (1995).

¶ 16    We agree with Levin that a *de novo* standard of review applies because the issue before us is one of statutory construction.[1] "Interpretation of a statute is a question of law; in cases involving an agency's interpretation of a statute which the agency is charged with administering, the agency's interpretation is considered relevant but not binding on the court." *Id.* (citing *Van's Material Co. v. Department of Revenue*, 131 Ill. 2d 196, 202-03 (1989), and *City of Decatur v. American Federation of State, County, & Municipal Employees, Local 268*, 122 Ill. 2d 353, 361 (1988)). Here, the rule of law is disputed. *AFM Messenger Service, Inc.*, 198 Ill. 2d at 391 (clearly erroneous applies when rule of law is undisputed). Resolution of this case depends on whether Levin has the statutory right to purchase health insurance under the Fund and whether the Board has the statutory authority to impose the "last-employer" rule. This is an issue of statutory construction and we apply a *de novo* standard of review.

¶ 17    In its order denying Levin's request to purchase health insurance under the Fund, the Board concluded Levin was "not eligible to receive retiree health benefits, pursuant to Section 9-239 [(40 ILCS 5/9-239 *et seq.* (West 2016))] of the Pension Code and the Fund's applicable rules, because Cook County was not her last employer when she applied for annuity benefits from the Fund."[2] The Handbook states, "[t]o be eligible for benefits under the Group Health Benefit, you must be an 'Annuitant' as defined in Section 9-239 of the Illinois Pension Code [(40 ILCS 5/9-239(a) (West 2016))] and you must have been last employed with Cook County or the Forest Preserve District." In a prior part of the Board's order, the Board stated that it had "authority under section 9-202 [(40 ILCS 5/9-202 (West 2016))] of the Illinois Pension Code to adopt rules and regulations necessary for the administration of the Fund." The Board concluded that pursuant to section 9-202 it had the authority to implement the "last-employer" rule.

---

[1]The circuit court also reviewed the Board's order *de novo*.
[2]Neither party disputes that Levin meets the criteria to qualify as an "annuitant" pursuant to section 9-239(a). 40 ILCS 5/9-239(a) (West 2016).

¶ 18    Before this court, Levin argues an individual need only qualify as an "annuitant" pursuant to section 9-239 to purchase group health insurance from the Fund. She contends section 9-239 contains the only eligibility requirement and section 9-202 does not allow the Board to impose the "last-employer" rule as an additional qualification to purchase group health insurance. The Board responds that section 9-239 "does not require healthcare coverage be provided to annuitants of the Fund or prohibit the Fund from establishing reasonable eligibility requirements to participate in a retiree healthcare plan administered by the Fund." The Board maintains that section 9-202 allows it to institute the "last-employer" rule.

¶ 19    "Statutory construction requires courts to ascertain and give effect to the intent of the legislature." *Shields v. Judges' Retirement System of Illinois*, 204 Ill. 2d 488, 493-94 (2003) (citing *In re C.W.*, 199 Ill. 2d 198, 211 (2002)). The best indicator of the General Assembly's intent is the language of the statute, which must be accorded its plain and ordinary meaning. *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 26 (2005). The General Assembly's "intent must be ascertained from a consideration of the entire act, its nature, its object, and the consequences resulting from different constructions." *Shields*, 204 Ill. 2d at 494 (citing *Fumarolo v. Chicago Board of Education*, 142 Ill. 2d 54, 96 (1990)). Where the language in the statute is clear and unambiguous, this court will apply the statute as written and will not resort to extrinsic aids of statutory construction. *In re R.L.S.*, 218 Ill. 2d 428, 433 (2006). Finally, we note that a pension statute "must be liberally construed in favor of the rights of the pensioner." *Kanerva v. Weems*, 2014 IL 115811, ¶ 55.

¶ 20    Section 9-239 of the Pension Code states:

"Group Health Benefit. (a) For the purposes of this Section, 'annuitant' means a person receiving an age and service annuity, a prior service annuity, a widow's annuity, a widow's prior service annuity, a minimum annuity, or a child's annuity

on or after January 1, 1990, under Article 9 or 10 by reason of previous employment by Cook County or the Forest Preserve District of Cook County (hereinafter, in this Section, 'the County').

(b) Beginning December 1, 1991, the Fund may pay, on behalf of each of the Fund's annuitants who chooses to participate in any of the county's health care plans, all or any portion of the total health care premium (including coverage for other family members) due from each such annuitant.

(c) The difference between the required monthly premiums for such coverage and the amount paid by the Fund may be deducted from the annuitant's annuity if the annuitant so elects; otherwise such coverage shall terminate and the obligation of the Fund shall also terminate.

(d) Amounts contributed by the county as authorized under Section 9-182 for the benefits set forth in this Section shall be credited to the reserve for group hospital care and all such premiums shall be charged to it.

(e) The group coverage plan and benefits described in this Section are not and shall not be construed to be pension or retirement benefits for purposes of Section 5 of Article XIII of the Illinois Constitution of 1970." 40 ILCS 5/9-239 (West 2016).

Contrary to our colleague's dissent, we hold Levin has a right to purchase group health insurance from the fund. We base our determination on the plain language of section 9-239 as well as the Illinois Constitution, which provides that "[m]embership in any pension or retirement system of the State, any unit of local government *** *shall* be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired." (Emphasis added.) Ill. Const. 1970, art. XIII, § 5. We agree with Levin that she has an enforceable contractual right to purchase group

health insurance from the Fund. Section 9-239(b) states in relevant part that the "Fund may pay, *on behalf of each of the Fund's annuitants who chooses to participate in any of the county's health care plans*, all or any portion of the total health care premium (including coverage for other family members) due from each such annuitant." (Emphasis added.) 40 ILCS 5/9-239(b) (West 2016). It is clear from the plain language of subsection (b) that the statute has only two requirements for participation: (1) an individual must be an "annuitant" and (2) an individual must "choose[ ] to participate." *Id.* The Fund does not dispute that Levin qualifies an annuitant within the meaning of subsection (a). *Id.* § 9-239(a). Moreover, in her letter dated September 22, 2016, she elected to participate.

¶ 21    We disagree with the Board and circuit court's reasoning regarding the effect the word "may" has within subsection (b). Both the Board and circuit court interpreted the use of the word "may" to mean the Board has discretion to decide who could participate in the Fund's health insurance scheme. We hold the use of the word "may" within subsection (b) has no impact on an individual's *right* to participate in the county's health care plan. We conclude from the plain language of subsection (b) that the word "may" refers to the Fund's payment of "all or any portion of the total health care premium" and not to an annuitant's *right* to participate. *Id.* § 9-239(b). The Board and circuit court wrongly read the term "may" in isolation and not within the broader context of section 9-239(b). See *In re Estate of Shelton*, 2017 IL 121199, ¶ 36 (noting that language in a statute should not be read in isolation). We find that the term "may" refers to the payment of participants' premiums and does not affect an individual's right to participate in the health insurance scheme.

¶ 22    The legislative history of section 9-239(b) supports the above conclusion. Section 9-239 has been amended twice since 1990. Each amendment dealt with the Fund's payment of the

health insurance premium, while the language concerning an "annuitant who chooses to participate" has remained unchanged. Public Act 86-1025 amended subsection (b) to state:

> "(b) From January 1, 1990 through December 31, 1993 the Fund shall pay, on behalf of each of the Fund's annuitants who chooses to participate in any of the county's health care plans, 50% of the total health care premium (including coverage for other family members) due from each such annuitant limited to the following maximums ***." Pub. Act 86-1025 (eff. Jan. 24, 1990) (amending 40 ILCS 5/9-239).

Section 9-239(b) was amended again by Public Act 87-794, which created the current version before this court. Pub. Act 87-794 (eff. Nov. 19, 1991) (amending 40 ILCS 5/9-239). Public Act 86-1025 and Public Act 87-794 changed the language directing the Fund as to how much of the total premium it had to cover. The statutory language, "on behalf of each of the Fund's annuitants who chooses to participate in any of the county's health care plans," has remained consistent. We find the change in statutory language from "shall pay, *** 50% of the total health care premium" to "may pay, *** all or any portion of the total health care premium" did not result in giving the Board discretion to decide which annuitants are allowed to participate.

¶ 23    The Board contends that section 9-202 grants it the authority to impose the "last-employer" requirement as a condition of participation in its health insurance plan. Section 9-202 states, "[t]o make rules and regulations necessary for the administration of the fund." 40 ILCS 5/9-202 (West 2016). In its brief, the Board argues this statutory language grants it "rule-making authority [that] is general and overarching in its scope and it not limited to specific benefits that are provided under Article 9 of the Illinois Pension Code."

¶ 24     As an administrative agency, the Board is "limited to the powers granted to it by the legislature, and any actions it takes must be authorized by statute." *Crittenden v. Cook County Comm'n on Human Rights*, 2013 IL 114876, ¶ 14 (citing *Vuagniaux v. Department of Professional Regulation*, 208 Ill. 2d 173, 186 (2003)). An administrative agency "has no general or common law powers." *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2015 IL 117443, ¶ 16. As a creature of statute, an administrative agency's power finds "its source in the provisions of the statute that created it." *Prazen v. Shoop*, 2013 IL 115035, ¶ 36. "The agency's authority must either arise from the express language of the statute or 'devolve by fair implication and intendment from the express provisions of the [statute] as an incident to achieving the objectives for which the [agency] was created.' " *Vuagniaux*, 208 Ill. 2d at 188 (quoting *Schalz v. McHenry County Sheriff's Department Merit Comm'n*, 113 Ill. 2d 198, 202-03 (1986)).

¶ 25     We reject the Board's argument that section 9-202 grants it the "general and overarching" authority to impose the "last-employer" rule. As determined above, section 9-239 sets forth that an eligible individual must be an "annuitant" and must then elect to participate. 40 ILCS 5/9-239(b) (West 2016). Nothing in that section states that an annuitant must have last worked for Cook County in order to be eligible to participate.

¶ 26     Not only does the "last-employer" rule conflict with the plain language of section 9-239, the Board's assertion that section 9-202 grants it such authority is contrary to Illinois administrative law. The Board's ability to impose any rule must expressly arise from a statute or by "fair implication *** as an incident to achieving the objectives for which the [Board] was created." (Internal quotation marks omitted.) *Vuagniaux*, 208 Ill. 2d at 188. Section 9-202 does not expressly give the Board any authority to impose additional eligibility requirements. Nor does such authority arise by "fair implication" because it would conflict with section 9-239. If section 9-202 did grant the Board the authority to impose additional eligibility requirements then

the Board could not only impose the "last-employer" rule, but any eligibility rule it decided was "necessary for the administration of the fund." Such a finding would conflict with Illinois law that holds administrative agencies have limited powers. See *Sharp v. Board of Trustees of the State Employees' Retirement System*, 2014 IL App (4th) 130125, ¶¶ 25-26 (rejecting a claim by the retirement board that it had implied authority to fix pension errors after concluding the statute did not give the board the express authority to make the correction outside of a 35-day period).

¶ 27    The Board's contention that the "last-employer" rule has been in place since it took over administration of the Fund is unpersuasive and finds no support in the record before this court. The Board's brief states "the eligibility rule has been applied in a consistent manner since the Fund began administering a retiree healthcare program in 1992." In contravention of supreme court rules, the Board fails to cite any document in the record to support this assertion. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). The contractual language found in the 1992 administrative services agreement with BlueCross BlueShield does not discuss allowing the Board to impose eligibility requirements. The first appearance of the "last-employer" rule comes from the 2009 Handbook, some 17 years after the Board took over administration of the Fund. However, even if the "last-employer" rule appeared in a prior handbook or an administrative service agreement with a health insurance carrier, that would not render the rule valid. The Board draws its authority to promulgate rules from Illinois statutes not handbooks or service agreements. *Department of Revenue v. Civil Service Comm'n*, 357 Ill. App. 3d 352, 363 (2005).

¶ 28    We hold the "last-employer" rule promulgated by the Board exceeds the statutory authority granted to it and is therefore invalid. *R.L. Polk & Co. v. Ryan*, 296 Ill. App. 3d 132, 141 (1998).

¶ 29    Given our finding that section 9-239 does establish the criteria for participation in the health insurance program and that the "last-employer" rule is invalid, we decline to decide

whether Levin's right to participate is a protected constitutional right or whether the "last-employer" rule impermissibly violates the Illinois Constitution and its pension protection clause (Ill. Const. 1970, art. XIII, § 5). See *Innovative Modular Solutions v. Hazel Crest School District 152.5*, 2012 IL 112052, ¶ 38 (noting that courts should avoid addressing constitutional issues when the case can be decided on nonconsitutional grounds).

¶ 30                                    CONCLUSION

¶ 31    Based on the above, we reverse the order of the Board denying Levin's participation in the health insurance program established under the Fund. Additionally, we hold the "last-employer" rule invalid and can no longer be enforced. We remand these proceedings to the Board for the entry of an order granting Levin's request to participate in the health insurance program retroactive to the date of her application.

¶ 32    Reversed and remanded with directions.

¶ 33    JUSTICE CONNORS, dissenting:

¶ 34    The Board's decision denying Levin participation in the health insurance program was correct, and thus, I would affirm. Specifically, I respectfully dissent from the majority's conclusions that Levin "has a right to purchase group health insurance from the Fund" and that the Board exceeded its authority in promulgating the "last-employer" rule.

¶ 35    A careful reading of section 9-239 of the Pension Code shows that nothing in that section confers on Levin the unconditional right to participate in the county health care program. Section 9-239(a) of the Pension Code defines an annuitant, which all parties agree Levin is. 40 ILCS 5/9-239(a) (West 2016). Respectively, sections 9-239(b), (c), and (d) explain that the Fund may pay a portion of the health care premium due, the Fund may deduct amounts for premiums from the annuitant's annuity, and county contributions under section 9-182 shall be credited to the reserve

- 13 -

group for hospital care and all such premiums charged to it. 40 ILCS 5/9-239(b), (c), (d) (West 2016). Finally, section 9-239(e) affirmatively states, "[t]he group coverage plan and benefits described in this Section are not and shall not be construed to be pension or retirement benefits for purposes of Section 5 of Article XIII of the Illinois Constitution of 1970." 40 ILCS 5/9-239(e) (West 2016). Thus, section 9-239 merely provides the Fund the authority to subsidize a portion of an annuitant's health care program.

¶ 36    It is puzzling that the majority relies on section 9-239 of the Pension Code for the conclusion that Levin has "a right to purchase group health insurance from the Fund" because the language of this section clearly does not address, let alone establish, such a right. I recognize that the Illinois Constitution provides that "[m]embership in any pension or retirement system of the State, any unit of local government *** shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired." Ill. Const. 1970, art. XIII, § 5. However, in *Underwood v. City of Chicago*, this court reiterated the principle that, "[t]he Pension Code does not by itself confer those benefits," and instead, "the benefits are created by contract or by statute." 2016 IL App (1st) 153613, ¶ 22. The court rejected the plaintiffs' argument that subsidized health care is a benefit under the state constitution that may not be limited by relying on our supreme court's decision in *Kanerva v. Weems*, 2014 IL 115811, and explaining as follows:

"But again, the relevant constitutional provision and case law do not create benefits—they protect them. In *Kanerva*, the benefit recipients already had the enduring right. [Citation.] The Court just explained that, based on our constitution, it could not be taken away. [Citation.] But here, the benefit always came with an expiration date. The time period was part of the benefit itself. The only enduring rights that these retirees ever contracted for or were successfully able to get adopted by the legislature are those

codified in the 1983 and 1985 amendments." *Underwood*, 2016 IL App (1st) 153613, ¶ 27.

¶ 37 Section 9-239, which Levin relies upon, only provides the Fund with the authority to subsidize health care premiums. Further, the retiree health care plan provided to annuitants through the county when Levin joined the Fund in 1992 no longer exists. There is no "enduring right" present in section 9-239 or anywhere else in article 9 for Fund annuitants to participate in a retiree health care plan administered by the Fund.

¶ 38 Further, I find problematic the majority's invalidation of the "last-employer" rule based on its finding that the Board exceeded its authority. The Board adopted, and has consistently applied since 1992, the "last-employer" rule—an eligibility rule that requires an annuitant's last employer must be either Cook County or the Forest Preserve District in order to be eligible for the retiree health care program. Although not mentioned by the majority, the record on appeal contains a document titled "Cook County Pension Fund Medical Choice Plus Plan,"[3] containing an "Eligibility" section that states, "You are eligible to enroll in the Plan if you are an 'Annuitant' as defined in Section 9-239 of the Illinois Pension Code (40 ILCS 5/9-239) and provided that you were last employed with Cook County or the Forest Preserve District." According to the plain reading of this rule, Levin does not qualify for health care benefits since her last employer was neither Cook County nor the Forest Preserve District.

¶ 39 The majority cites our supreme court's recognition that "[a]ny power or authority claimed by an administrative agency must find its source within the provisions of the statute by which the agency was created" and that any authority "must either arise from the express language of the statute or 'devolve by fair implication and intendment from the express provisions of the [statute]

---

[3]This document was attached as an exhibit to the Board's findings of fact, conclusions of law, and decision, which was dated June 12, 2017.

as an incident to achieving the objectives for which the [agency] was created.' " *Vuagniaux*, 208 Ill. 2d at 188 (quoting *Schalz*, 113 Ill. 2d at 202-03). However, the majority glosses over and fails to contextualize section 9-202 of the Pension Code, which expressly grants the Board the power to make rules for fund administration. Section 9-190 of the Pension Code states, "The board shall have the powers and duties stated in Sections 9-191 to 9-202.1, inclusive, in addition to such other powers and duties provided in this Article." 40 ILCS 5/9-190 (West 2016). Section 9-202 is titled "To make rules" and states that the board shall have the power "[t]o make rules and regulations necessary for the administration of the fund." 40 ILCS 5/9-202 (West 2016). Based on its plain language, section 9-202 expressly grants the Board the power to enact rules, such as the "last-employer" rule.

¶ 40    The majority opines that, "[s]ection 9-202 does not expressly give the Board any authority to impose additional eligibility requirements." *Supra* ¶ 26. I disagree because the express grant of rulemaking authority contained in section 9-202 is general and overarching in its scope and is not limited in any way. Contrary to the majority's suggestion, section 9-202 does not contain an enumeration of the fund administration topics to which the Board's rulemaking power is restricted. If the legislature intended to limit the Board's ability to promulgate rules and regulations to only specific benefits or administrative items, it would have done so. As a result, the breadth of section 9-202 expressly authorizes the Board to enact any rule or regulation that is necessary for the administration of the fund.

¶ 41    However, assuming *arguendo* that the Board's power to enact the "last-employer" rule does not derive from the express language of section 9-202 of the Pension Code, I would still find that the Board had the authority to enact such a rule through "fair implication." See *Vuagniaux*, 208 Ill. 2d at 188 (quoting *Schalz*, 113 Ill. 2d at 202-03). Overall, article 9 of the Pension Code provides little detail regarding the administration of retiree health care. Thus, it

only makes sense that it would be necessary to establish rules and regulations to govern the retiree health care program. As such, it can be fairly implied that by enacting section 9-202 of the Pension Code, the legislature intended to provide the Board with authority to enact whatever rules were necessary to administer the fund.

¶ 42    The majority concludes that the Board's authority to enact the "last-employer" rule could not have arisen though "fair implication" under section 9-202 because the "last-employer rule" conflicts with section 9-239. *Supra* ¶ 26. I disagree because both the statute and the "last-employer" rule can be read in conjunction with one another. Essentially, section 9-239 can be broken into two primary components: (1) an annuitant who chooses to participate and (2) the Board that chooses to pay for the participating annuitant's health care premium. 40 ILCS 5/9-239 (West 2016). The "last-employer" requirement does not open the program to people who do not qualify as annuitants, and thus does not conflict with or go beyond the definition of annuitant in section 9-239(a) of the Pension Code. Instead, the "last-employer" rule addresses when an annuitant, as defined in section 9-239(a), is eligible or qualifies for group health benefits. Thus, the "last-employer" rule merely limits the Board's obligations to pay any or all of the health care premiums to specific annuitants. As a result, there is no conflict.

¶ 43    The majority's reliance on *R.L. Polk & Co. v. Ryan*, 296 Ill. App. 3d 132 (1998), as the basis for its invalidation of the "last-employer" rule is unpersuasive. In *Polk*, the court held generally, as it pertained to the facts of that case, that (1) the Illinois Secretary of State had discretionary authority to adopt the rule in question, (2) the rule was sufficiently precise to satisfy the Illinois Administrative Procedures Act (Act) (5 ILCS 100/1-1 *et seq.* (West 1996)), and (3) the rule was adopted in compliance with the Act. *R.L. Polk & Co.*, 296 Ill. App. 3d 132. Because the case before this court does not present any issue or argument relative to the Act, the second and third aforementioned holdings cannot be a basis for the majority's invalidation of the

"last-employer" rule. Additionally, it is puzzling why the majority relies on *Polk* to support its invalidation of a rule, when *Polk* actually determined that the rule at issue there was valid and properly enacted. When ruling that the Secretary of State did have the authority to adopt the rule, the court in *Polk* explained that the Secretary of State is empowered to promulgate rules and regulations pursuant to certain sections of the Illinois Vehicle Code (625 ILCS 5/1-100 *et seq.* (West 1996)) that provide the authority. *R.L. Polk & Co.*, 296 Ill. App. 3d at 143. So too in this case, the Board had the authority to rule that, pursuant to section 9-202 of the Pension Code, eligibility to participate in health care coverage is based on one's having retired from Cook County or the Forest Preserve District.

¶ 44    In conclusion, because Levin was not last employed by either Cook County or the Forest Preserve District, I would affirm the Board's decision denying her participation in the health insurance program under the Fund.